IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF WEST VIRGINIA

| | |
|---|---|
| JOHN DOES I, II, III,<br><br>individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES L MITCHELL, in his official capacity as Superintendent of West Virginia State Police,<br><br>Defendant. | Civil Action No.: 26-cv-194 |

**PLAINTIFF'S MOTION FOR PERMISSION TO PROCEED
ANONYMOUSLY AND BRIEF IN SUPPORT**

Plaintiffs John Does I-III, through their undersigned counsel, come

before this Court seeking to proceed with anonymity in this matter.

Plaintiffs respectfully move this Court to: (1) allow Plaintiffs to proceed

anonymously in this litigation and (2) order Defendants (including their

1

agents and attorneys), should they discover the Plaintiffs true identities, not to publicly disclose them, either in a court filing or otherwise. In support of this Motion, Plaintiff states as follows:

I.     INTRODUCTION

Plaintiffs are challenging the constitutionality of the provision of W. Va. Code Ann. § 15-12-2 (d)(8) which requires individuals listed on West Virginia's Sex Offense Registry to disclose and provide to law enforcement "information relating to any Internet accounts the registrant has and the screen names, user names, or aliases the registrant uses on the Internet[.]" Plaintiffs' complaint alleges that this law deprives Plaintiffs of their rights guaranteed by the First and Fourteenth Amendments to the United States Constitution.

Leave to proceed anonymously should be granted because Plaintiffs have a substantial privacy right that outweighs any need for their identity to be disclosed. Plaintiffs belong to a reviled group of people in our society – individuals with convictions for sexual offenses. "Nothing provokes more emotionality than sex crimes perpetrated on a child. The public widely regards child sex offenders as the 'worst of the worst' and 'better off dead.'" *May v. Shinn*, 37 F.4th 552, 559 (9th Cir. 2022)

(Block, J., concurring). Sex offenders are members of a stigmatized group that frequently encounters discrimination, verbal abuse, and even violent physical assault including murder. Considering these unique concerns, courts routinely permit sexual offenders to challenge the various laws regulating them to proceed anonymously. See, e.g., *Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1 (2003); *Smith v. Doe*, 538 U.S. 84 (2003); *Doe v. Settle*, 24 F.4th 932 (4th Cir. 2022) *Doe v. Virginia Dep't of State Police*, 713 F.3d 745 (4th Cir. 2013); *Doe v. Cooper*, 842 F.3d 833 (4th Cir. 2016).

Granting Plaintiffs' motion will not prejudice the Defendants' ability to defend this litigation. Additionally, Plaintiffs' substantial privacy interests outweigh the public interest in knowing their identity.

## II.   FACTUAL BACKGROUND

The facts are laid out in greater detail in the Complaint. [ECF 1] Of note here, Plaintiffs are registered sexual offenders, whose offense against minors was committed long ago, and all Plaintiffs have completed their sentences and are no longer under any type of supervision. They challenge the constitutionality of the sex offender

3

registration requirements, specifically the provision of W. Va. Code Ann. § 15-12-2 (d)(8) which requires individuals listed on West Virginia's Sex Offense Registry to disclose and provide to law enforcement "information relating to any Internet accounts the registrant has and the screen names, user names, or aliases the registrant uses on the Internet[.]" Plaintiffs' claims are premised on their First Amendment right to engage in anonymous online speech.

However, they fear harassment, retaliation, and threats of violence against themselves and their families if forced to publicly reveal their identities in this lawsuit. Thus, the very anonymity they seek would be defeated by forced disclosure here. Federal courts routinely grant anonymity to sex offender registrants when they challenge Internet ID disclosure laws and seek to protect their right to speak anonymously.[1]

### III. THE LAW

Although a complaint must usually state the names of all parties,

---

[1] *Doe 1 v. Marshall*, 367 F. Supp. 3d 1310 (M.D. Ala. 2019), *Doe v. Kentucky ex rel. Tilley*, 283 F. Supp. 3d 608 (E.D. Ky. 2017), *Doe v. Nebraska*, 898 F. Supp. 2d 1086 (D. Neb. 2012), *Does v. Whitmer*, 751 F. Supp. 3d 761 (E.D. Mich. 2024) and *Doe v. Harris*, 772 F.3d 563 (9th Cir. 2014)

Fed. R. Civ. P. 10(a), "under appropriate circumstances anonymity may, as a matter of [trial court] discretion, be permitted." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). This Court may excuse plaintiffs from filing under their own names if it finds that their privacy interests outweigh the typical presumption of keeping judicial proceedings open, and if it finds that allowing anonymity will not prejudice the defendants' ability to present a full defense. *Id.* at 240. In addition, this Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a plaintiff's motion and for good cause shown. Fed. R. Civ. P. 26(c). Here, Plaintiffs have good cause for the anonymity they seek. Failure to enter such an order will put them and their families and children at substantial risk of discrimination, bullying, harassment, and physical violence.

 The Fourth Circuit has identified several factors for courts to consider in determining whether a plaintiff may proceed anonymously. These factors include: (1) "whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of

5

sensitive and highly personal nature"; (2) "whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;"(3) "whether the action is against a governmental or private party"; and (4) "the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *James*, 6 F.3d. at 238.[2] All of these factors strongly weigh in favor of granting Plaintiffs' motion.[3]

## IV.  ARGUMENT

### A.  Plaintiffs' names are sensitive and highly personal

First, this Court should permit the Plaintiffs to proceed anonymously because the subject matter of the lawsuit will certainly reveal "sensitive and highly personal" information about the Plaintiffs, including publicly displaying their criminal convictions from decades ago. Once on display the registrants home addresses are easily obtained from the public sex offense registry leading to bullying of their

---

[2] The other *James* factor is whether the plaintiff is a child. This is not relevant here.
[3] Satisfying all of the *James* factors is not required for this court to grant Plaintiff's motion for anonymity. The Fourth Circuit instructs trial courts to consider "all the circumstances of the case" before deciding whether to allow a plaintiff to proceed anonymously. This Court has granted anonymity based on three *James* factors alone. See *W.M. v. Braskem Am., Inc.*, No. 3:20-CV-00141, 2020 WL 1492544, at *2 (S.D. W. Va. Mar. 26, 2020) (finding three of the *James* factors met and allowing anonymity in a wrongful termination suit that centered on plaintiff's failed drug test).

6

children, harassment of them and their family members and possible vigilante activities. Such information is at least as "sensitive and highly personal" as, for example, improperly disclosed drug test results, the protection of which this Court has previously found warranted anonymity. *W.M. v. Braskem Am., Inc.*, No. 3:20-CV-00141, 2020 WL 1492544, at *2 (S.D. W. Va. Mar. 26, 2020).

### B.  Plaintiffs Will Be Exposed to Threats of Violence and Other Harms

Second, the Court should allow Plaintiffs to proceed anonymously because persons publicly identified as sex offenders in any context are at risk of being subjected to hostility, harassment, and physical injury, including murder.

Plaintiffs fear violent reprisals, grounded in the growing number of reported incidents of vigilantism against registrants.[4] In July of 2022, a vigilante in Indiana killed a registered sex offender by knocking on his door and shooting him when he answered. The vigilante said he had no remorse and was justified in committing the

---

[4] Michelle A. Cubellis, Sex Offender Stigma: An Exploration of Vigilantism against Sex Offenders, Deviant Behavior (2018)(279 cases), https://www.tandfonline.com/doi/abs/10.1080/01639625.2017.1420459.

crime. The sex offender was actively trying to get removed from the registry when he was killed.[5] Similar occurrences are happening across the United States with greater frequency.[6]

Sadly, "unlawful violence and threats happen with sufficient frequency and publicity that registrants justifiably live in fear of them." As Justice Souter noted in *Smith v. Doe*: "Retribution has been visited by private, unlawful violence and threats and, while such incidents of 'vigilante justice' are not common, they have with sufficient frequency and publicity that registrants justifiably live in fear of them." 538 U.S. at 108 (Souter, J., concurring) (citing *E.B. (A Fictious Name) v. Verniero*, 119 F.3d 1077, 1102 (3d Cir. 1997)). See also *Doe v. Pataki*, 120 F.3d 1263, 1279 (2d Cir. 1997) (noting "numerous instances in which sex offenders have suffered harm in the aftermath of notification ranging from public shunning, picketing, press vigils, ostracism, loss of employment, and eviction, to threats of violence,

---

[5] https://www.wsaz.com/2022/07/29/man-shows-no-remorse-fatally-shooting-registered-sex-offender-deputies-say/

[6] Additionally, in March of 2023, a vigilante in Minnesota beat a registered sex offender in his home with a shovel and a pair of Moose antlers; the sex offender committed one sex offense in 1979. https://www.keyc.com/2023/03/11/report-minnesota-man-kills-sex-offender-using-moose-antler-shovel-sheriff-says/ . PA Registrant killed 2025 https://www.wytv.com/news/local-news/one-dead-one-in-custody-after-shooting-in-sharon/amp/. LA. 2025; https://www.ksla.com/2025/12/16/sabine-parish-man-found-guilty-killing-2-sex-offenders-2017/ CA. 2025 https://www.ktvu.com/news/fremont-stabbing-suspect-court-docs. These are merely examples of the extreme violence a sexual offender can face for simply being publicly identified.

physical attacks, and arson"). The public revelation that one is a sexual offender creates "increased risk of private violence that can result in damages to one's property or injury to one's person." *Verniero*, 119 F.3d at 1102.

Plaintiffs rightly fear harassment and violence if they must disclose their identity to pursue this legitimate civil rights action. Although they are already on the public registry, Plaintiffs – unlike other registrants – will be the most visible members of the sex offender community by virtue of them being named Plaintiffs. Plaintiffs will therefore be unique targets for violence and intimidation. See *Doe v. City of Indianapolis, Ind.*, No 1:12:CV-00062-TWP, 2012 WL 639537, at 2 (S.D. Ind. Feb. 27, 2012) ("If Plaintiff were named, not only would his past crimes be highlighted, but he would also be identified as the person challenging the constitutionality of a statute that was created to protect the public, which could make Plaintiff an even bigger target for retaliation"). Additionally, potential media coverage generated by this lawsuit is an additional concern. See *Doe v. Cnty. of El Dorado*, No. 2:14-CV-01433-KJM, 2013 WL 6230342 at 4 (E.D. Cal. Dec. 2, 2013) (granting sex offenders' motion to proceed anonymously in part because

the suit was "a constitutional challenge with the potential for publicity"). Plaintiffs do not need to prove that they face a danger of physical injury, but rather they must simply show that they might face such a threat. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000).

Plaintiffs are also vulnerable to such retaliation because, as registered sex offenders, their home addresses are readily available to members of the public who may wish to extract "justice." For these reasons, most cases of this type recognize that sexual offenders face significant risk of harm if they proceed in their own names, and it is proper and appropriate to permit them to proceed anonymously.

### C. Plaintiffs are Challenging Government Activity

The Plaintiffs are challenging government activity by seeking a declaration that a section of the West Virginia sex offender registration statutory scheme enforced by the West Virginia State Police is unconstitutional, which is a relevant factor weighing towards proceeding anonymously. *Doe v. State of Alaska*, 122 F.3d 1070 (9th Cir. 1997).

### D. Anonymity Poses No Threat of Unfairness to Defendants

Fourth, the Court should grant this motion because allowing Plaintiffs to proceed anonymously does not prejudice the Defendants. Plaintiffs merely seek an order that would limit disclosure of their names to the public. Plaintiffs are willing to disclose their identities to Defendants as needed, provided a protective order is in place. Thus, a proposed protective order if required during the development of this case would not hamper the Defendants' ability to present a full defense. As this Court has said, "it is difficult to imagine how Defendant[s] would be prejudiced by Plaintiff's anonymity" when they already know his identity. *W.M. v. Braskem Am. Inc.*, No. 3:20-CV 00141, 2020 WL 1492544, at *2 (S.D. W. Va. Mar. 26, 2020) (finding Defendant's knowledge of Plaintiff's identity "decisive" in granting anonymity).

This case brings both facial and as applied constitutional challenges to portions of West Virginia statutes relating to sex offender registration laws. The case will turn almost entirely on legal issues and the particular facts surrounding Plaintiffs themselves are largely

11

irrelevant. Plaintiffs' challenge relates to them as persons required to register, and do not touch on the particular circumstances of their prior offenses or personal information such that disclosure of their identity would be required.

Moreover, Plaintiffs do not seek damages, but rather declaratory relief, making inquiry into their circumstances unnecessary. All registrants in the state are subject to the contested statutes disclosure. Disclosure of Plaintiffs' identity is not essential for this case to be adequately adjudicated. The public also has no particular need to know Plaintiffs' true identities. All the relevant facts are contained in the pleadings. The public interest will be served by having this case brought to vindicate constitutional rights.

## V. CONCLUSION

WHEREFORE, Plaintiffs respectfully request the Court grant this Motion and permit Plaintiffs to proceed anonymously.

Respectfully submitted,

/s/ Larwence King
Larwence King, NYBA #5182944
Staff Attorney
NARSOL
P.O. Box 25423
Raleigh, NC 27611
919-480-2551, Ext. 702
attorney@narsol.org


/s/ Lonnie C. Simmons
Lonnie Simmons, WV Bar # 3406
DiPiero Simmons
McGinley & Bastress, PLLC
604 Virginia Street, East
Charleston, WV 25301
304-342-0133
Lonnie.Simmons@dbdlawfirm.com

## CERTIFICATE OF SERVICE

      I, Lonnie C. Simmons, hereby certify that on this 13th day of March 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record who are registered participants.

                                                   */s/* Lonnie Simmons